IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 28 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| HARK CHAN, ET AL., | § | |
| Plaintiffs, | § § § | |
| VS. | § | NO. 4:02-CV-1022-A |
| BROTHER INTERNATIONAL CORPORATION, ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion of defendants, Brother International Corporation, Canon U.S.A., Inc., Casio, Inc., Epson America Inc., and Logitech, Inc., to transfer venue.[1] The court, after having reviewed the motion, as supplemented,[2] the response of plaintiffs, Hark Chan ("Chan") and IP Innovation, L.L.C. ("IP Innovation"), defendants' reply, and applicable authorities, concludes that the motion should be granted.

### I.

### Background

A.  <u>This Action</u>

Chan and IP Innovation allege in the complaint by which they instituted this action on December 19, 2002, that: Chan is the sole inventor of United States Patent No. 6,314,574 B1 ("the '574

---

[1] All defendants joined in the motion to transfer venue.

[2] By order signed April 23, 2003, the court granted leave to defendant Logitech, Inc., to file a supplement to defendants' motion, and also extended plaintiffs' deadline to file a response to defendants' motion.

patent"). Compl. ¶ 22 & Ex. F. IP Innovation "is generally engaged in the business of assisting, principally individual investors, in commercializing their technological innovations." Id. ¶ 11. Collectively, Chan and IP Innovation "own all right, title and interest in the '574 patent." Id. ¶ 23. Each defendant manufactures, offers for sale, and sells consumer electronics equipment that is accompanied by a CD-ROM with software which includes hyperlinks to remote internet web sites.[3] Id. ¶¶ 12-21. Chan and IP Innovation's complaint charges defendants with infringing the '574 patent, as follows:

> Each defendant has infringed directly, indirectly, contributorily and/or by inducement the claims of th '574 patent, in this judicial district and throughout the United States, by making, using, offering to sell, and selling products with CD-ROMS and other read-only storage devices with links to remote sites.

Id. ¶ 24.

B.  The California Action

Chan and Techsearch L.L.C. ("Techsearch"), instituted an action in June 2002 in the United States District Court for the Northern District of California, San Francisco Division ("the California Action"). App. to Mot. at 3-8. IP Innovation was later added in the action as a plaintiff. Id. at 9-14. The amended complaint in the California Action alleges that

---

[3] CD-ROM is an acronym for "compact disk, read only memory." Oak Tech, Inc. v. ITC, 248 F.3d 1316, 1318-19 (Fed. Cir. 2001). A hyperlink has been described as: "a cross-reference (in a distinctive font or color) appearing on one web page that, when activated by the point-and-click of a mouse, brings onto the computer screen another web page. . . . With a hyperlink on a web page, the linked web site is just one click away." Universal City Studios, Inc. v. Corley, 273 F.3d 429, 455 (2d Cir. 2001).

2

defendants, Intuit, Inc., Symnantec Corporation, and Electronic Arts, Inc., infringed the '574 patent by "making, using, offering to sell and selling CD-ROMs and other read only storage devices with links to remote sites." Id. at 12-13.

II.

Defendants' Motion to Transfer

Defendants refer to this action as "a plain and simple case of dominant jurisdiction," and ask that it be transferred to the United States District Court for the Northern District of California because the plaintiffs in the California Action "alleg[e] infringement of the exact same patent [the '574 patent] at issue in this action." Mot. at 1. Defendants maintain that the California Action targets "the defendants' sale of CD-ROMs with Internet hyperlinks," and that Chan and IP Innovation "cannot continue to litigate in this district in the face of substantial overlap with the issues in the first-filed California Action." Id. at 2. Defendants suggest there will likely be commonality in the claim-construction issues, infringement contentions, and invalidity arguments in the California Action and this action. Id. at 7.

III.

Analysis

"In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971) (footnote omitted). The Fifth

3

Circuit has explained that, "[u]nder the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). The second-filed court should transfer an action to the first-filed court if it determines the substantive issues in the two actions "might substantially overlap." Id. at 606. The two actions need not be identical. Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); Mann, 439 F.2d at 408.

The court is satisfied that the issues raised in this action might substantially overlap those raised in the California Action. Chan and IP Innovation are plaintiffs in both actions. Techsearch is the only other plaintiff in the California Action; but, this difference between the actions is slight.[4] Chan and IP Innovation note that there are no defendants common to the actions, and that the two sets of defendants have no relationship to each other. Nevertheless, as the Fifth Circuit has observed, "[c]omplete identity of parties is not required for dismissal or

---

[4] Techsearch is described in the amended complaint in the California Action as being "generally engaged in the business of assisting, principally individual investors, in commercializing their technological innovations." App. to Mot. at 10. This description mirrors that of IP Innovation in the complaint in this action. See Compl. ¶ 11. Further, in the California Action, the amended complaint alleges that "Chan, Techsearch, and IP [Innovation] collectively own all right, title and interest in the '574 patent." App. to Mot. at 12. The complaint in this action alleges that "Chan and IP Innovation collectively own all right, title and interest in the '574 patent." Compl. ¶ 23.

4

transfer of a case filed subsequently to a substantially related action." Save Power, 121 F.3d at 951.

Importantly, the '574 patent is the only patent asserted in the two actions. And, the same theory of infringement of the '574 patent is alleged in both actions. Chan and IP Innovation stress that none of the products produced by the defendants in this action is accused in the California Action. However, as defendants note in their reply, this argument is misleading:

> Plaintiffs have asserted the same patent against the same type of allegedly infringing devices on the same basis in both the California and Texas Actions -- namely, the manufacture and sale of "CD-ROMs and other read only storage devices with links to remote sites." ([Cal. 1st Am. Compl.] ¶¶ 21, 25, 29; Texas Compl. ¶ 24). In the California Action, the accused CD-ROMs are typically bundled with other products, such as printers, personal digital assistants, and computer mouses. In both actions, however, it is only the CD-ROMs that are accused of infringement, not the printers and other devices they are bundled with.

Reply at 2 (emphasis in the original). Defendants simply have the better, and more logical, argument.

Because the court concludes that, on the whole, the issues raised in this action might substantially overlap those raised in the California Action, the court is transferring this action to the United States District Court for the Northern District of California, San Francisco Division:

> Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed. . . . [T]he ultimate determination of whether there actually was a substantial overlap requiring consolidation of the two suits in . . . belonged to the [first-filed court].

5

Mann, 439 F.2d at 408; Cadle, 174 F.3d at 605-06; Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997).

IV.

O R D E R

For the reasons discussed,

The court ORDERS that defendants' motion to transfer venue be, and is hereby, granted, and that the above-captioned action be, and is hereby, transferred to the United States District Court for the Northern District of California, San Francisco Division.

SIGNED May 28, 2003.

JOHN McBRYDE
United States District Judge